

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 2-08-015-CR

ROBERT OLIN STEEN, JR.                                                        APPELLANT

V.

THE STATE OF TEXAS                                                                  STATE

------------

FROM THE 355TH DISTRICT COURT OF HOOD COUNTY

------------

## MEMORANDUM OPINION[1]

------------

### I. Introduction

Appellant Robert Olin Steen, Jr., appeals the adjudication of his guilt for criminal nonsupport. In one point, he argues that the trial court abused its discretion by adjudicating him guilty of the offense of criminal nonsupport because the evidence was legally insufficient to support the allegations in the State's motion to proceed to adjudication. We affirm.

---

[1] *See* TEX. R. APP. P. 47.4.

## II. Factual and Procedural History

On September 6, 2006, Steen was indicted for criminal nonsupport.[2] On February 27, 2007, Steen pleaded guilty, and the trial court placed him on deferred adjudication for five years. The three relevant conditions of Steen's community supervision were:

> 2. Defendant shall avoid injurious or vicious habits and shall abstain from the use of controlled substances, alcohol, dangerous drugs, inhalants and narcotics or habit forming drugs without a doctor's prescription.
>
> 14. Defendant shall perform 300 hours of Community Service Restitution at a governmental, charitable, or non-profit organization as assigned by the Community Supervision Officer in charge of the case, at a rate of no less than 8 hours per week if employed and 24 hours per week if unemployed, beginning within thirty (30) days of [February 27, 2007] and be responsible for any costs of supervision.
>
> 17. Defendant shall complete an anger management program as approved by the Hood County Community Supervision and Corrections Department in the county in which the defendant resides.

Steen was arrested for violating the terms of his community supervision after the results of an August 20, 2007 urinalysis indicated that he had used marijuana. On September 10, 2007, the State filed a motion to adjudicate, alleging the three following violations of Steen's community supervision:

---

[2] *See* TEX. PENAL CODE ANN. § 25.05 (Vernon 2003).

2

A. ROBERT OLIN STEEN, Defendant, failed to avoid vicious or injurious habits and on or about August 20, 2007, tested positive for marihuana, a violation of condition number two of this Court's Order.

B. ROBERT OLIN STEEN, Defendant, failed to complete Community Service Restitution at a rate of 8 hours if employed and 24 hours if unemployed, for all of the weeks of March 25, 2007 through August 6, 2007, a violation of condition number fourteen of this Court's Order.

C. ROBERT OLIN STEEN, Defendant, failed to attend and complete the anger management program as directed by the Community Supervision and Corrections Department, a violation of condition number seventeen of this Court's Order.

On November 16, 2007, the trial court held a hearing on the State's motion to adjudicate. Steen entered a plea of "not true" to the allegations in the State's motion. Jennifer Davis, Steen's community supervision officer, testified that Steen tested positive for marijuana on June 29, 2007, and on August 20, 2007. He served four days in jail for the June 29 violation. Steen testified that he experienced severe back pain and required pain medication, but the prescription pills compounded a liver condition, so he used marijuana in lieu of the prescription pills. He further stated that he did not smoke marijuana after the end of June 2007 and claimed that residue of the marijuana he smoked in June remained in his body when he took the drug test in August.

Davis also testified that Steen had not completed his required community service hours as directed. He only completed 21.5 hours between the weeks of March 25, 2007 through August 6, 2007. Steen admitted that he had not performed his community service hours as directed, but he also testified that an unnamed community supervision official told him that he had five years to complete his required hours.

Davis further testified that Steen did not complete the required anger management course. Although Steen could not initially afford to enroll in the course, his child support obligation was subsequently reduced in June 2007, which allowed him to pay for the anger management course. Davis testified that Steen enrolled in the course, but it was cancelled due to low enrollment. She also testified that she told Steen that he had until October 2007 to complete the course.

The trial court found all allegations in the State's motion to adjudicate to be true and sentenced Steen to twenty-four months in state jail. On December 12, 2007, Steen filed a notice of appeal.

### III. Adjudication of Guilt Supported by the Record

In his sole point, Steen contends that the trial court abused its discretion by adjudicating him guilty of the offense of criminal nonsupport because there

4

was legally insufficient evidence to support the allegations contained in the State's motion to proceed to adjudication.

Appellate review of the decision to adjudicate guilt is "in the same manner" as review of the revocation of community supervision. TEX. CODE CRIM. PROC. ANN. art. 42.12, § 5(b) (Vernon Supp. 2008). Appellate review of a community supervision revocation is limited to determining whether the trial court abused its discretion, and we examine the evidence in the light most favorable to the trial court's findings. *See Cardona v. State*, 665 S.W.2d 492, 493–94 (Tex. Crim. App. 1984). The State must prove by a preponderance of the evidence that appellant violated the conditions of his probation. *Cobb v. State*, 851 S.W.2d 871, 874 (Tex. Crim. App. 1993). The trial judge is the sole trier of facts and determines the credibility of the witnesses and the weight to be given to the testimony. *See Lee v. State*, 952 S.W.2d 894, 897 (Tex. App.—Dallas 1997, no pet.).

Here, the evidence suggests that Steen tested positive for marijuana on June 29, 2007, and admitted to using the drug during the month of June. Steen served four days in jail following the June urinalysis, and the motion to adjudicate did not mention the drug use during or prior to June 2007. He also tested positive for marijuana on August 20, 2007, although he denied smoking marijuana after June 2007. Appellant did not deny that the results of his

August 20, 2007 urinalysis were positive for marijuana. The positive urinalysis adequately established by a preponderance of the evidence that Steen used marijuana sometime between June 29, 2007, and August 20, 2007. *See Rickels v. State*, 202 S.W.3d 759, 764 (Tex. Crim. App. 2006) (recognizing that in a probation revocation hearing, the trial court could infer ultimate facts from basic, proven facts).

We therefore hold that the trial court did not abuse its discretion by finding that Steen violated the terms and conditions of his deferred adjudication community supervision and by proceeding with an adjudication of guilt. *See Chavanna v. State*, No. 02-07-00290-CR, 2008 WL 2553389, at *2–3 (Tex. App.—Fort Worth June 26, 2008, no pet. h.) (mem. op.) (not designated for publication) (holding that evidence of a single instance of drug use is sufficient to find that a condition of the appellant's terms of community supervision was violated). Because one sufficient ground for revocation supports the trial court's order revoking community supervision and proceeding to adjudication, we need not address the remaining violations. *Moore v. State*, 605 S.W.2d 924, 926 (Tex. Crim. App. [Panel Op.] 1980); *see also* TEX. R. APP. P. 47.1. Accordingly, we overrule Steen's sole point.

### IV.  Conclusion

Having overruled Steen's sole point, we affirm the trial court's judgment.


PER CURIAM

PANEL:  MCCOY, J.; CAYCE, C.J.; and LIVINGSTON, J.

DO NOT PUBLISH

TEX. R. APP. P. 47.2(b)

DELIVERED: August 7, 2008

7